UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM RAY, JR.,

       Plaintiff,                            Hon. Janet T. Neff

v.                                          Case No. 1:14 CV 990

8TH CIRCUIT COURT FOR
COUNTY OF IONIA,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff William Ray, Jr. initiated the present action against the Ionia County 8th Circuit Court. The present action arises out of Plaintiff's 2002 state court divorce action. Plaintiff repeatedly challenged in the state courts, without success, the divorce judgment regarding the division of marital assets and Plaintiff's spousal support obligations. Alleging that he has overpaid his spousal support obligations, Plaintiff now seeks relief in this Court. Specifically, Plaintiff requests "recovery of overpayment & enforce[me]nt of jud[g]ement." Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be **dismissed** for lack of subject matter jurisdiction.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*,

2013 WL 2665786 at *3 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").

Plaintiff is seeking to overturn decisions and rulings entered by Michigan state courts. This Court, however, lacks the authority and jurisdiction to hear Plaintiff's "appeal." *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Durham*, 2013 WL 2665786 at *3 (same). Moreover, the Court has the obligation to address issues of subject matter jurisdiction *sua sponte*. *See, e.g., Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Accordingly, the undersigned recommends that this matter be dismissed on the ground that this Court lacks subject matter jurisdiction to hear Plaintiff's "appeal."

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 3, 2014                      /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge